Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 24, 2012, which, insofar as appealed from, denied plaintiffs’ motion to disqualify Kaye Scholer LLP from representing all defendants-respondents concurrently, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiffs, holders of 50% ownership interests in defendant corporations, which own residential properties, allege that Jay Lieberman and the late Harold Derfner committed misappropriation, corporate waste, self-dealing, conversion, and fraud at the expense of the corporations and to the benefit of Derfner Management Inc. (DMI), the managing agent for the properties, and other defendant-respondent entities.
We find that the interests of defendants-respondents conflict with those of defendants that have not appeared on this appeal (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a]). In particular, the interests of the estate of Harold Derfner, which holds a 50% interest in the corporations on whose behalf the derivative claims are brought, differ from the interests of Lieberman and his wholly-owned entities, DMI, JayPen Associates, Inc., and Dapper Duds Laundromat, Inc. And there is no evidence in the record that Lieberman and the estate’s personal representative, Peter Derfner, as individuals and as interest holders in the various other defendants-respondents, gave their “informed consent, confirmed in writing” to concurrent repre *926 sentation (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [b] [4]; see Ferolito v Vultaggio, — AD3d —, 2012 NY Slip Op 05707 [1st Dept 2012]; see also Twin Sec., Inc. v Advocate & Lichtenstein, LLP, 97 AD3d 500 [2012]). We are unpersuaded by the argument that the answer Kaye Scholer filed on behalf of “[djefendants who have been served with the complaint” can be construed as an appearance solely on behalf of defendants-respondents. To be sure, Kaye Scholer made a subsequent motion on behalf of all defendants. That motion was never withdrawn or amended to show that Kaye Scholer represents defendants-respondents only.
Contrary to plaintiffs’ contention, the disqualification of Kaye Scholer from representing all defendants-respondents concurrently does not necessarily preclude it from representing any of them (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]). Concur — Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.